UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARRIS A. GADSON,

                Petitioner,

vs.                                    Case No.   2:03-cv-599-FtM-29SPC

SECRETARY,    DEPARTMENT    OF
CORRECTIONS,

                Respondent.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Tarris A. Gadson, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on October 21, 2003.[1]  Petitioner challenges an April 15, 1996 state court judgment of conviction for second degree murder entered in the Twentieth Judicial Circuit Court, Hendry County, Florida.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

---

[1] The Petition (Doc. #1) was filed in this Court on October 21, 2004; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (October 16, 2003).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent contends that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondent's Response to Order to Show Cause (Doc. #13).

Respondent submits exhibits in support of its Response (Doc. #11).[2] Petitioner was given admonitions and a time frame to file a Reply to the Response.  See Court's Order to Show Cause and Notice to Petitioner (Doc. #6).  On November 15, 2004, Petitioner filed a Reply to Respondent's Response (Doc. #14).  Petitioner filed supplemental authority (Doc. #17) and traverse (Doc. #19).

Following a jury trial, Petitioner was convicted of second degree murder of Eugene Webber, and found not guilty of Aggravated Battery of Jamie Davis.  On April 15, 1996, the court adjudicated Petitioner guilty and sentenced him to seventeen years imprisonment with a three-year minimum mandatory, followed by two years on Community Control, followed by two years probation.  On direct appeal, the appellate court *per curiam* affirmed without a written opinion on March 11, 1998.  Gadson v. State, 711 So.2d 537 (Fla. 2d DCA 1998); Exh. #4.  The mandate was issued on April 3, 1998.  Exh. #5.

Petitioner's state conviction became final on June 9, 1998 (ninety days after entry of the judgment).  See Rule of the Supreme Court of the United States, Rule 13.3.[3]  This was after the April 24, 1996, effective date of the AEDPA.  Therefore, Petitioner had

---

[2] The Court will hereinafter refer to as the exhibits referenced in and submitted in support of the Response as "Exh."

[3] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

one year from the date his case became final to file the federal petition (June 9, 1999).  His Petition, filed in this Court on October 16, 2003, would be untimely unless Petitioner could avail himself of one of the statutory provisions which extends or tolls the time period.

**The one-year period of limitations ran for three-hundred and fifty-six (356) days** until Petitioner filed his *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850 on June 1, 1999.  Petitioner filed a motion to voluntarily withdraw the post conviction motion on July 8, 1999 (Exh. #6), which was granted by the circuit court on July 26, 1999 (Exh. #7).  Consequently, the limitations period for Petitioner to file his federal habeas action was tolled until August 25, 1999.  Another **one-hundred and ninety-two (190) days ran on the one-year period of limitations** until Petitioner filed a new motion for post conviction relief on March 6, 2000 (Exh. #8).  As noted by Respondent, regardless of whether Petitioner filed any subsequent motions, whether properly filed or not, the Petition is untimely. "Once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, Slip Copy, 2006 WL 2801986 (11th Cir. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)).

In his Reply, Petitioner claims that "several reasons for filing late are acceptable" but fails to identify those reasons.

Reply, Doc. #17 at 2, ¶3.   Petitioner further makes a general statement that he is entitled to federal review because the conviction "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." Id. at and ¶6.   Petitioner has not shown any justifiable reason[4] why the dictates of the one-year limitations period should not be imposed upon him.   The Court further finds that Petitioner has not made a showing of actual innocence.   He has failed to present any new evidence which would establish that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. See Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

In sum, Petitioner filed the petition well after the one-year period and has failed to show that the period was extended or

---

[4] Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005).   The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)(citations omitted). Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily.   Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade v. Battle, 379 F.3d at 1265 (citation omitted).

tolled.  Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.    The case is **DISMISSED** with prejudice.

2.    The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __17th__ day of October, 2006.

_____
JOHN E. STEELE
United States District Judge


SA:   hmk

Copies: All Parties of Record